United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN STRICKLAND, et al., | Nos.  C 10-2812 MHP |
| | C 10-3452 MHP |
| | C 10-3466 MHP |
| Plaintiffs, | |
| v. | **MEMORANDUM & ORDER** |
| WELLS FARGO BANK, N.A., et al. | **Re: Plaintiffs' Motions to Remand** |
| Defendants, | |
| SANJAY BHALLA, et al., | |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK, N.A., et al. | |
| Defendants, | |
| IRASEMA E. GREENE, et al., | |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK, N.A., et al. | |
| Defendants, | |

Plaintiffs Steven Strickland, Irasema E. Greene, Sanjay Bhalla and other individual plaintiffs brought these three related actions against defendant Wells Fargo Bank, N.A. challenging

defendant's classification of plaintiffs as exempt from overtime in violation of several provision of the California Labor Code as well as California Business & Professions Code § 17200, *et seq.* Now before the court are plaintiffs' motions to remand.[1] Having considered the parties' arguments and submissions and for the reasons set forth below, the court enters this memorandum and order.

BACKGROUND

Plaintiffs were employed by defendant as Home Mortgage Consultants, Loan Originators, Loan Officers, Mortgage Specialists, Reverse Mortgage Specialists, Mortgage Consultants, Loan Processors and Loan Consultants (collectively, "HMCs"), all of which are commissions-based positions. *See* Docket No. 1, Exh. 2 (First Amended Complaint ("FAC")) ¶¶ 5, 12-15. Defendant classified plaintiffs as employees exempt from overtime compensation. FAC ¶¶ 17, 31. Plaintiffs filed the operative FAC in state Superior Court asserting the following causes of action: (1) violation of Cal. Labor Code §§ 510 & 1198, (2) violation of Cal. Labor Code §§ 2800 & 2802, (3) violation of Cal. Labor Code §§ 201 & 202, (4) violation of Cal. Labor Code § 204, (5) violation of Cal. Labor Code § 226(a) and (6) violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

Defendant removed the actions to this court. *See* Docket No. 1 (Notice of Removal). Defendant's asserted basis for federal jurisdiction is plaintiffs' sixth cause of action, which is based in part on an alleged violation of the federal Fair Labor Standards Act ("FLSA") §§ 206 & 207. *Id.* ¶ 4-6. Paragraph 61 of the FAC states:

> A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices of requiring Plaintiffs to work overtime without paying them proper compensation violates California Labor Code sections 510 and 1198. Additionally Defendants' policies and practices of requiring Plaintiffs to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of not reimbursing its employees, including plaintiffs, for business-related expenses and costs violate California Labor Code sections 2800 and 2802. Defendants' policies and practices of failing to timely pay wages to Plaintiffs violate California Labor Code section 201, 202 and 204. **Furthermore, Defendants' policies and practices of failing to pay overtime and minimum wage violate Fair Labor Standards Act, 29 U.S.C. section 206, 207.**

2

FAC ¶ 61 (emphasis added).  Defendants asserted that a "substantial, disputed question of federal law is a necessary element" of the sixth cause of action, thereby justifying removal.  Notice of Removal ¶¶ 4-5.

Plaintiffs' counsel brought five nearly identical actions on behalf of other Wells Fargo HMCs located in other counties throughout California, all of which were removed to federal court.  Four of those cases were removed to the Central District of California, *Overfield, et al. v. Wells Fargo Bank, N.A.*, Case No. 10-cv-01085-PA; *Sosa, et al. v. Wells Fargo Bank, N.A.*, Case No. 10-cv-01098-PA; *Williams, et al. v. Wells Fargo Bank, N.A.*, Case No. 10-CV-04761-PA, *Gagliano, et al. v. Wells Fargo Bank*, *N.A*., Case No. 10-cv-01378-PA, and one was removed to the Eastern District, *Pope, et al. v. Wells Fargo Bank, N.A.*, Case No. 10-CV-02807-WBS-KJM.  The five cases which were pending in the Central and Eastern District all have been remanded to state court.  *Williams*, Docket No. 24 (Aug. 9, 2010); *Overfield*, Docket No. 45 (Sept. 15, 2010); *Sosa*, Docket No. 54 (Sept. 17, 2010); *Gagliano*, Docket No. 22 (Sept. 29, 2010); *Pope*, Docket No. 14 (Nov. 29, 2010).

LEGAL STANDARD

As a general rule, an action is removable to federal court only if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper.  *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  The availability of removal is thus limited by the well-pleaded complaint rule, which permits removal only when a federal question is presented on the face of a properly pleaded complaint.  *See Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 9-10 (1983).  A defendant bears the burden of proving the propriety of removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

An action raising a defense based in federal law does not create federal question jurisdiction "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the

3

1 defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14. Plaintiff
2 "is the master of . . . her complaint and may avoid federal jurisdiction by exclusive reliance on state
3 law." *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). However, "a
4 plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to
5 his or her claim or by casting in state law terms a claim that can be made only under federal law."
6 *Id.*

## DISCUSSION

Defendant asserts that federal jurisdiction is proper because resolution of plaintiffs' sixth cause of action necessarily turns on whether or not plaintiffs are exempt from overtime and minimum wage laws under the FLSA. Firstly, because the sixth cause of action pleads distinct alternative theories of liability, one of which is a violation of federal law, defendant argues that the entire case may be removed to federal court. Secondly, defendant argues that the state law allegations are mere disguise for what is inherently a federal claim. In particular, defendant argues that plaintiffs are "fully aware" that their state law overtime claims are precluded by the state law commissioned sales exemption, which applies when earnings exceed one and one-half times minimum wage and more than half of total compensation comes from commissions. Docket No. 33 (Opp.) at 10; Cal . Code Regs. § 11040(3)(D). Because paragraphs 13-15 of the FAC allege that plaintiffs were paid by commission, defendants argue that plaintiffs must rely on federal overtime and minimum wage laws to keep their claim alive. Opp. at 10. Defendant's arguments misapprehend the well-pleaded complaint rule and the "artful pleading" exception to that rule.

In the context of removal jurisdiction, the well-pleaded complaint rule is the settled principle that "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 10. Federal jurisdiction thus must appear on the face of the plaintiff's properly-pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *ARCO Envt'l Remediation, LLC v. Dep't of Health and Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (holding that even where a

4

complaint repeatedly refers to federal law, it does not state a federal question where a plaintiff invokes an independent state law). If plaintiff has not pleaded a federal cause of action on the face of the complaint, federal jurisdiction is only proper if the court determines that plaintiff has artfully pled a state law cause of action which necessarily arises under federal law. *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Two categories of cases may invoke the "artful pleading doctrine": (1) complete preemption cases, and (2) substantial federal question cases. *Id.* The second category includes claims that are "necessarily federal in character." *Id.* at 1042.

In asserting a section 17200 claim, plaintiffs have pled a state, and not a federal, cause of action. "Section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "Virtually any law—federal, state or local—can serve as a predicate for an action under [Section 17200]." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1360 (2010). Even though section 17200 makes actionable almost any conceivable unlawful act in conjunction with business activity, California courts have made clear that 17200 provides distinct remedies from those potentially available under the borrowed provisions of law. *See Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383 (1992) ("Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state." (quoting Cal. Bus. & Prof. Code § 17205)); *Barnett v. Wash. Mut. Bank FA*, 2004 WL 2857283, at *3 (N.D. Cal. Oct. 12, 2004) (Breyer, J.) ("No court has held that under a UCL claim a court may 'borrow' remedies from another statute."). The state of California has chosen to create a cause of action that sweeps in a broad range of predicate unlawful conduct, and the fact that a federal law is "borrowed" does not by itself establish jurisdiction in this court. *See California v. Pinnacle Sec. CA.LP*, __F. Supp. 2d__, 2010 WL 3835044 (N.D. Cal. Sept. 30, 2010) (Zimmerman, M.J.) (remanding action under section 17200 where "plaintiff has alleged that defendant violated a number of state laws only one of which partially references any federal law"); *Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp.

1  2d 1059, 1067 (N.D. Cal. 2001) (Conti, J.) (remanding action under section 17200 where liability
2  could rest on misleading statements in addition to violations of NASD rules).

3         A plaintiff cannot, of course, plead a state law cause of action that is expressly or impliedly
4  preempted by a federal statute, but defendant makes no argument to that effect. Courts have held
5  that a section 17200 claim based on state and federal labor regulation is not inconsistent with the text
6  or spirit of the FLSA, *see, e.g.*, *Harris v. Inv. Bus. Daily, Inc.*, 138 Cal. App. 4th 28, 34-35 (2006)
7  (collecting cases), and as masters of their complaints, plaintiffs may choose to pursue state law
8  causes of actions exclusively and forego whatever alternative remedies might be available to them
9  under the FLSA itself. *See Barnett*, 2004 WL 2857283, at *2 ("If the legislature intended section
10 17202 to incorporate all the available remedies of the predicate statutes then there would be no need
11 for plaintiffs to separately plead the violations of the FLSA.").

12        Taken to its logical conclusion, defendant's argument would create federal jurisdiction any
13 time a section 17200 claim borrows a violation of federal law. It is, however, a "long-settled
14 understanding that the mere presence of a federal issue in a state cause of action does not
15 automatically confer federal-question jurisdiction." *Merrell Dow Pharms. v. Thompson*, 478 U.S.
16 804, 808 (1986). "When a claim can be supported by alternative and independent theories—one of
17 which is a state law theory and one of which is a federal law theory—federal question jurisdiction
18 does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys.,*
19 *Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) (no federal jurisdiction where state claim looked to the
20 California Constitution, the California Fair Employment and Housing Act and Title VII to evince a
21 public policy against religious discrimination). Here, plaintiffs cite to nine specific provisions of
22 California state law which defendants allegedly violate in addition to the FLSA. Resolution of this
23 case may ultimately hinge on a determination of FLSA non-compliance, or it may not, but this does
24 not alter the fundamental nature of plaintiffs' state law claims.

25        Defendant cannot avoid this conclusion by arguing that plaintiffs have artfully pled state law
26 claims in the face of a supposedly clearly-applicable commissioned sales exemption. It is axiomatic
27 that defendant may not remove an action to federal court on the grounds that a federal defense likely
28

6

will be dispositive of the case. "Whether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant might interpose." *Lippitt*, 340 F.3d at 1040 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). Defendant's argument would require the court to look beyond the four corners of the complaint, assess the merits of defendant's state law defense and anticipate a federal defense likely to be interposed. Defendant baldly asserts that the commissioned sales exemption precludes the state law theories of liability solely based on plaintiffs' "admission" in the FAC that they work on commission. The court notes, however, that this exemption involves a much more nuanced, individualized and fact-intensive inquiry for which defendant bears the ultimate burden of proof. *See, e.g.*, *Harris*, 138 Cal. App. 4th at 37-40. Defendant cannot brush aside its burden on its state law defense through a charge of artful pleading and argue that federal issues will ultimately drive this litigation.

   As a final note, defendant argues that federal jurisdiction is proper in this case because other Wells Fargo HMCs are currently pursuing similar claims in federal court. The Ninth Circuit recently decertified a class of Wells Fargo HMCs on the basis that "individual inquiries would be necessary with respect to" exemptions asserted by defendant. *In re Wells Fargo Home Mortgage Overtime Pay Litig.*, 571 F.3d 953, 956 (9th Cir. 2009). Counsel for that decertified class has since filed numerous individual plaintiff lawsuits in federal court, and defendant argues that "[t]here is no question that these lawsuits belong in federal court." Opp. at 4. Whether there is federal jurisdiction over those plaintiffs' claims, however, is an entirely separate question from whether there is federal jurisdiction here. It may have been possible for plaintiffs in this action to have drafted their complaint in a manner that necessarily turned on a question of federal law, but they neither did so nor were they required to do so. It is certainly understandable that defendant would prefer to defend against similar claims in the same court, but five other actions filed by plaintiffs' counsel have already been remanded to state court. This court finds no basis for reaching a different conclusion than the Central and Eastern Districts.

CONCLUSION

For the foregoing reasons, plaintiffs' motions to remand are GRANTED and these actions are REMANDED to state court.

IT IS SO ORDERED.

Dated: January 13, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

8

**ENDNOTES**

1. For the sake of simplicity, record citations herein are to the *Strickland* docket. The court has reviewed the submissions in all three cases and has found no material differences.